UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUEY DEI,
                                          **REPORT AND RECOMMENDATION**
                                          No. 04-CV-416(JTE)(VEB)

            Petitioner,

  -vs-

NEW YORK STATE,

            Respondent.
_____

## I.    Introduction

Ruey Dei ("Dei" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court on two counts of Criminal Contempt in the First Degree (N.Y. Penal Law § 215.51(b)(iii)), a Class E felony, and two counts of Aggravated Harassment in the Second Degree (N.Y. Penal Law § 240.30(1)), a Class A misdemeanor. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned for the issuance of a Report and Recommendation on the disposition of Dei's petition. *See* Docket No. 9.

## II.    Factual Background and Procedural History

The conviction here at issue arose from threatening telephone calls that Dei made to Nyawer Diew ("Diew"), his wife, on November 17 and 21, 2001. Both calls violated an existing order of protection Diew had against Dei. The trial court conducted a pre-trial suppression hearing and ruled that the prosecutor could use as evidence certain oral statements that petitioner had made to police. Petitioner's jury trial commenced. in Erie County Court (Wolfgang, J.) on

July 29, 2002. The proof at trial revealed that petitioner called Diew on the telephone on November 17 and 21, 2002, even though he understood that it was contrary to the order of protection. Diew was not home to answer the first telephone call, but her answering machine recorded petitioner's message. The second time, Diew picked up the phone and heard the petitioner make threats. At the time of his arrest, the petitioner admitted to police that he called because of overdue library books. In his own testimony, the petitioner denied that he made any calls, and denied telling the police that he had called his wife. The jury returned a verdict on July 31, 2002, convicting him of all four charges in the indictment. On November 20, 2002, he was sentenced to four concurrent one-year jail terms of imprisonment in Erie County Jail.

On December 31, 2003, the Appellate Division, Fourth Department unanimously affirmed the judgment of conviction. *People v. Dei*, 2 A.D.3d 1459 (App. Div. 4th Dept. 2003). Leave to appeal to the New York Court of Appeals was denied.

On May 27, 2004, Dei filed his petition for a writ of habeas corpus in this Court. *See* Docket No. 1. Respondent answered the petition on August 20, 2004, *see* Docket Nos. 7, 8, and noted that Dei had completed serving his sentence. Respondent did not, however, assert any jurisdictional defenses based on Dei's custody status. *See* Docket Nos. 7, 8. This Court, in reviewing Dei's application for leave to proceed *in forma pauperis* (Docket No. 2), noticed that on the last page of the application, there is the following handwritten notation: "Im [sic] not in prison." *See* Docket No. 2 at 2. This raises an issue as to whether this Court has jurisdiction to entertain Dei's habeas petition.

III.     The "In Custody" Requirement of 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254, the threshold jurisdictional showing a habeas petitioner

must make is that he is "'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). "[T]he habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed[.]" *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). Moreover, even where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the "in custody" requirement is not satisfied where the sentence for the challenged conviction has been fully served. *See Myers v. Smith*, 444 F.2d 75, 77 (2d Cir.1971) (finding that petitioner was not "in custody" where, "while serving an unrelated sentence, he attacks an earlier conviction for which he has served out his full sentence").

In this case, by Dei's own sworn affirmation, he was *not* "in custody" at the time he filed the instant habeas petition. *See* Docket No. 2 at 2. Therefore, he cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), and this Court lacks jurisdiction to hear his habeas petition. Accordingly, the Court recommends that the habeas petition (Docket No. 1) be dismissed for want of jurisdiction. *Accord*, *e.g.*, *Whaley v. Graham*, No. 06-CV-3021 (JFB), 2007 WL 708796, *2 (E.D.N.Y. Mar. 6, 2007) ("Petitioner filed the instant petition on May 11, 2006, more than two and one-half years after the sentence for the challenged conviction had expired. Accordingly, because petitioner was not 'in custody' for the challenged sentence at the time the petition was filed, the petition must be dismissed."); *Echendu v. United States*, No. CV-02-1255 (DGT), 2003 WL 21653370, at *5 (E.D.N.Y. July 14, 2003) ("Currently, Echendu is not physically confined, on parole, probation, or under suspended sentence and is therefore not 'in custody.' Accordingly, because Echendu has fully served his sentence and there are no deportation proceedings against

him, he is not in custody and does not qualify for relief under [28 U.S.C.] § 2255."); *Casey v. Burge*, No. 04 Civ. 0166(FB), 2005 WL 712435, at *1 (E.D.N.Y. Mar. 28, 2005) ("A prisoner is not in . . . custody if the sentence imposed under the judgment fully expired before the prisoner filed the habeas petition.").

**IV.     Conclusion**

For the reasons set forth above, the Court recommends that the petition for a writ of habeas corpus filed by petitioner Ruey Dei be **DISMISSED** on the basis that petitioner is no longer "in custody" on the challenged conviction.  Furthermore, because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 26, 2007
       Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Buffalo, New York
       April 26 , 2007.